| 17 | 183 |
| 117 | 363 |

CITY OF NEW ORLEANS, for use of NICHOLSON & CO., *v.* LOUIS L.
FERRIERE, et als.

The city's acceptance of the work, for which it was authorized to contract, is *prima facie* evidence
of its completion and mode of execution against the front proprietor, who becomes thereby bound.
In contracts to be performed at a future period, the obligation which grows out of the contract arises
at the very moment of making it, but the right of action growing out of it arises only when the
stipulated term has arrived.
Execution of a judgment against a warrantor will be suspended until the warrantee shall have paid
the amount thereof to the plaintiff.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*George S. Lacey* and *G. P. McPheeters* for plaintiff. *Michel & Koontz*
for defendants and appellants.

ILSLEY, J. The plaintiffs claim from the defendants, in the Fifth Dis-
trict Court of New Orleans, eleven hundred and eighty-two dollars and
fifty-six cents, with interest, being the amount of a bill for paving done
by Nicholson & Co., under a contract with the said city.

Gernon and Westmore, two of the defendants, and the vendees of L. L.
Ferriére, pleaded the general issue, and by supplemental answer called
in warranty, *Louis L. Ferriére, their co-defendant,* in this suit.

Ferriére excepted to the plaintiffs' petition, because it does not state
any ownership to be in him of any definite piece of property, at the time
the bill sued on was due ; and, this exception being overruled, he filed his
answer, pleaded the general issue, and denied specially that he was the
owner of the property in front of which the pavement was made, and also
denied that the forms and requirements of law had been complied with to
order and execute the contract of sale by the city authorities, and that he
is not bound thereby.

There was judgment in the lower court against the present owners of the
property, Gernon & Westmore, for the whole amount claimed, with legal
interest, and judgment in their favor over against their vendor and war-
rantor, L. L. Ferriéré, for the sum of nine hundred and forty-four dollars
and sixteen cents, with interest from 8th March, 1860.

Ferriére only has appealed to this court from the judgment rendered
against him.

At the time of the transfer of the property, in front of which the paving
was done, a large portion of the work was completed ; and the question
here presented is, who is bound to pay that portion—L. L. Ferriére, the
vendor, or Gernon & Westmore, his vendees ?

The exception to the petition filed by Ferriére is properly overruled ;
and, in the absence of fraud, which is not alledged, the city's acceptance
of the work, for which it was authorized to contract, is *prima facie* evi-
dence of its completion and mode of execution against the front proprie-
tor, who becomes thereby bound. *Municipality No. 2* v. *Guillotte,* 14 An.
297.

It was incumbent on Ferriére, in the language of Domat Book 1, title
2, sections 2, 3, to put a stop to the pretensions of every one that claims
either a right of property in the thing sold, or any other right which

might disturb the buyer in the possession and enjoyment of the thing he has bought. "For it is," he says, "the right to possess and enjoy, that he has bought." And this suggests the question whether, at the time of the sale from Ferriére to Gernon & Westmore, the property was legally affected with or subject thereafter to be affected with any privilege for paving in front of it, which was then in progress of execution; if so, the duty devolved on Ferriére to protect his vendees against the claim of the city, at least for that portion of the work which had been actually performed whilst he was the owner of it.

The work was not fully completed, and the account therefor was not definitely stated and recorded until a few days after Gernon & Westmore acquired the property, but we think the registry so legally made bound the property, in whose hands soever it may have been.

Of the whole amount due to the city, upwards of four-fifths of it was due and owing personally by Ferrière as *owner* of the property.

The work inured to his benefit. *Cujus commodum ejus debet esse incommodum.*

No action, it is true, then, lay against Ferriére for the recovery of the value of the work then partially executed; but he was, not the less for that, personally bound for it, as owner, with a lien against the property whenever the registry of the account for the whole work could be duly made. See 119 section of Art. 20, March, 1856, page 164. The obligation existed; the remedy only remained in abeyance. Art. 14 C. P. Duranton, Cours de Droit Français, Vente, § 258, says: "Mais quoique le droit du tiers qui a amené l'éviction ne fût point encore complet ou parfait au moment de la vente, la garantie n'en a pas moins lieu de droit s'il y a eu éviction; il suffit que le principe, ou la cause première de ce droit, existait lors de la vente."

"Il suffit que le droit fût antérieur à la vente dans son principe, ou sa cause."

On every principal of law and equity, Ferrière is as responsible for this prior debt of his, for which the property became affected, as he would have been for any other unsatisfied liability incurred by him for and operating a charge against the property. Of this opinion was the court *a quo*, which gave judgment against Ferriére and in favor of Gernon & Westmore, for so much of the claim of the city which it condemned them to pay, as was due by their vendor and warrantor, Ferriére.

This judgment must be affirmed, modified, however, in one respect, to suspend execution against Ferriere until so much of the judgment against Gernon & Westmore, as he is bound for, is paid by them. See *Melancon's Heirs* v. *Duhanel et als*, 7 La. 290; *Fletcher's Heirs* v. *Cavallier et al*, 10 La. 120.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be so amended that no execution shall issue against Ferrière therein, until Gernon & Westmore exhibit in the Fifth District Court of New Orleans satisfaction of so much of the judgment against them as is due by Ferriére; and that, so amended, the judgment of the lower court be affirmed, the costs of appeal to be paid by the appellant.